# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 06-CV-891 (JFB) (WDW)

_____

### ANALECT LLC,

Plaintiff and
Counterclaim Defendant,

VERSUS

### FIFTH THIRD BANCORP, ET AL.,

Defendants and
Counterclaim Plaintiffs,

_____

**MEMORANDUM AND ORDER**
August 19, 2009

_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Analect LLC ("Analect" or "plaintiff") brings the instant motion for reconsideration, pursuant to Local Civil Rule 6.3, of the Court's September 17, 2008 Memorandum and Order[1] (hereinafter, the "Opinion"), granting partial summary judgment to defendants and counter-claimants Fifth Third Bancorp (the "Bancorp") and Fifth Third Bank ("Fifth Third Bank (Michigan)") (collectively, "Fifth Third" or "defendants"). Alternatively, plaintiff moves, pursuant to 28 U.S.C. § 1292, that this Court certify this matter for interlocutory appeal to the United States Court of Appeals for the Second Circuit, and stay the instant action pending the outcome of that appeal. For the reasons set forth below, both plaintiff's motion for reconsideration and certification for interlocutory appeal are denied.

### I. BACKGROUND

#### A. The September 17, 2008 Opinion

Plaintiff brought the above-captioned action against defendants, alleging a claim for breach of contract arising out of a letter distribution agreement between the parties, dated May 29, 2001 (the "contract"), relating to a financial product called SVSA BOLI. Specifically, plaintiff alleged that by purchasing this product for its own employees in 2004 from an outside party, defendants

_____

[1] See Analect LLC v. Fifth Third Bancorp, No. 06 Civ. 891, Docket Entry No. 79 (E.D.N.Y. Sept. 17, 2008).

violated the contract, which stated that defendants would not "develop, market, underwrite, distribute, coordinate the placement, administer or offer to any person, the Product or any product similar thereto without the prior written agreement of the Company" or assist others in any of the aforementioned activities. Plaintiff further alleged that the 2004 purchase also violated the contract's confidentiality provision. The Court determined, in ruling on defendants' motion for summary judgment, that the plain language of the contract did not preclude defendants from purchasing SVSA BOLI for an internal account as a matter of law, but that genuine issues of material fact remained regarding whether that purchase involved the transmission and/or use of protected information under the contract. The Court further ruled that the latter claim survived summary judgment only as to Fifth Third Bank (Michigan) and not as to Bancorp, which was dismissed as a defendant in this action. Familiarity with the underlying facts and legal analysis contained in the Court's Opinion is presumed.

### B. Procedural History

On October 1, 2008, plaintiff filed its motion for reconsideration or, in the alternative, for certification of the matter for interlocutory appeal. On November 5, 2008, defendants filed their opposition. This matter is fully submitted.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff moves this Court to reconsider its Opinion, arguing that the Court overlooked plaintiff's "primary legal argument" in granting defendant's motion for summary judgment on the breach of contract claim as it relates to defendant's purchase of SVSA BOLI. Specifically, plaintiff submits that the Court only focused on the prohibition against "distribution" found in the agreement, but failed to consider language precluding defendants from "administering, developing, and coordinating the placement of" the product. In doing so, though, plaintiff simply reiterates arguments from its initial opposition to defendants' motion for summary judgment and fails to highlight any critical fact or controlling decision overlooked by the Court. Therefore, for reasons stated in the Opinion, and repeated below, the Court concludes that the plain language of the contract at issue did not preclude defendants' purchase of SVSA BOLI, and the motion for reconsideration on such grounds is denied.

### 1. Legal Standard

Under Local Civil Rule 6.3, reconsideration is appropriate only if "'the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court.'" *U.S. v. U.S. Currency in the Sum of Ninety Seven Thousand Two Hundred Fifty-Three Dollars*, No. 95 Civ. 3982 (JG), 1999 WL 84122, at *2 (E.D.N.Y. Feb. 11, 1999) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, No. 86 Civ. 6447 (JMC), 1989 WL 162315, at *4 (S.D.N.Y. Aug. 4, 1989)); *see Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *see also Medoy v. Warnaco Employees' Long*

*Term Disability Ins. Plan*, No. 97 Civ. 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."); *Davis v. The Gap*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999) (stating that "the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment"). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court," *U.S. Currency*, 1999 WL 84122, at *2 (internal citation omitted), and "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation and citation omitted).

## 2. Application

Plaintiff essentially advances one argument in support of the instant motion, namely, that when defendants purchased SVSA BOLI in 2004, they were acting to "develop, market, underwrite, distribute, coordinate the placement, administer or offer" the product in the course of that purchase, in violation of the contract. Plaintiff asserts that the Court overlooked this argument in its Order by "focus[ing] on only *one* of the prohibited activities – distribution – and effectively read[ing] the others out of the Agreement." (Plaintiff's Memorandum of Law, at 2.) However, a review of the extensive briefing in this matter, as well as the Court's Opinion, demonstrates that plaintiff raised this argument on summary judgment and the Court properly rejected it, as set forth below.

In opposing defendants' motion for summary judgment, plaintiff advanced the position it again assumes in the instant motion, stating that "Fifth Third administered the product, they coordinated the placement of the product, they developed the product, and they assisted others in doing that." (Transcript of August 21, 2008 Oral Argument ("Tr.") at 24-25.) The Court determined, as set forth in detail in its Opinion, that this argument "essentially urge[d] the Court to interpret the phrase 'coordinate the placement' to be coextensive with 'purchase for oneself' – or, for that matter, 'distribute to oneself'" and declined to adopt such a "strained interpretation in light of the contract's plain and unambiguous terms." (Opinion, at 8.) The Court further explained that:

> [T]he contract explicitly states at its outset that it was executed "in connection with [defendants'] consideration of acting as a potential life insurance product distributer [sic]" . . . and repeatedly refers to "distribution" and to defendants' anticipated role as a "distributer [sic]" on Analect's behalf. In light of this failure even to suggest that the contract encompasses defendants' purchase of SVSA BOLI for their own account, the Court will not needlessly stretch the phrase "coordinate the placement" (*or any of the other, above-referenced related terms in the contract*) to encompass the 2004 purchase or similar transactions.

(Opinion, at 9 (emphasis added).)[2] The Court, therefore, did not overlook plaintiff's "primary legal argument" that defendants' purchase of SVSA BOLI involved the development, marketing, underwriting, distribution, coordination of placement, administration, or offering of the product; rather, the Court considered it and rejected it.

Furthermore, plaintiff's suggestion that the Second Circuit's decision in *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Video Company*, 145 F.3d 481 (2d Cir. 1998) requires a different outcome in the instant case is meritless. In that case, the Second Circuit determined that a party seeking an exception from the *reasonable meaning* of contractual language bears the burden of negotiating for language that expressly defines the exception. *See id*. at 488 ("[T]he

burden still falls on the party advancing a deviation from the most reasonable reading of the license to insure that the desired deviation is reflected in the final terms of the contract."). Notwithstanding the fact that plaintiff cited to this case in its original moving papers and proffering repetitive arguments on a motion for reconsideration is wholly inappropriate, the Court notes that this case is inapposite to the one at bar. Defendants in the instant action were not seeking an exception to the language of the 2004 contract but rather arguing for a reasonable interpretation of its terms, which the Court ruled, by their plain meaning, did not preclude defendants' purchase of SVSA BOLI in their own right. (*See* Opinion, at 8-10.)

Because plaintiff has offered no "matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court," but rather simply proffers the same arguments advanced in opposition to summary judgment, reconsideration of the September 17, 2008 Opinion is not warranted and plaintiff's motion for such is denied.

### B. Motion for Certification for Interlocutory Appeal

Plaintiff also moves, in the alternative, that the Court certify this matter for interlocutory appeal to the United States Court of Appeals for the Second Circuit. Because, as set forth below, plaintiff has failed to meet the statutory criteria warranting such certification, that motion is also denied.

Certification of interlocutory appeals is governed by 28 U.S.C. § 1292(b), which permits a district court to certify an interlocutory order for appeal if it "shall be of the opinion that such order involves a controlling question of law as to which there is

---

[2] The Opinion further stated, in direct repudiation of plaintiff's position, that:

> To the extent plaintiff also argues that other terms in the contract encompass defendants' conduct, such claims are similarly without merit. For example, plaintiff suggests that by purchasing SVSA BOLI for their own account, defendants were "assisting" others in distribution. However, defendants' purchase for their internal accounts cannot possibly be encompassed in the plain meaning of such terms. Similarly, none of the other terms, according to their plain meaning (especially in light of the contract as a whole), could be interpreted as precluding the purchase by defendants of SVSA BOLI for their internal accounts.

(Opinion, at 9 n.4.)

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). However, because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered[,] . . . [interlocutory appeal] is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see also In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (stating that interlocutory appeal is "a rare exception where, in the discretion of the district judge, it may avoid protracted litigation") (internal quotation and citation omitted); *Patsy's Italian Rest. Inc. v. Banas*, 06-CV-00729 (DLI) (RER), 2007 U.S. Dist. LEXIS 80599, at *13 (E.D.N.Y. Oct. 31, 2007) ("Certification 'is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.'") (quoting *Telectronics Proprietary Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987)). Therefore, while "the party seeking interlocutory appellate review must, 'at a minimum,' satisfy [the] three statutory criteria," *Ryan, Beck & Co. v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003), district courts retain "'broad discretion to deny certification even where the statutory criteria are met.'" *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007)). To that end, the Second Circuit has stressed that district courts must "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). As set forth below, the Court finds that plaintiff has not met the statutory criteria warranting certification for interlocutory appeal. Moreover, even assuming *arguendo* that plaintiff had satisfied the statutory requirements, the Court would still deny the application in the exercise of its broad discretion, as this matter does not qualify as the "exceptional case" where immediate appeal would avoid "protracted and expensive litigation." Accordingly, plaintiff's motion for certification is denied.

1. Controlling Question of Law

Section 1292(b) first requires that the order certified for interlocutory appeal involve a "controlling question of law." The Second Circuit has stated that "[a]lthough the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (internal citations omitted). "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citing *Klinghoffer*, 921 F.2d at 24-25, and *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54-55 (S.D.N.Y. 1998)).

Here, it is undisputed that a reversal of the

Court's Opinion would not terminate the action, as the Court denied defendants' motion for summary judgment for plaintiff's breach of contract claim related to the alleged use and/or dissemination of information protected by the contract between the parties. To that end, reversal of the Opinion would not significantly affect the conduct of the action, because plaintiff's remaining claim is scheduled to proceed to trial, regardless. Finally, as this is a garden variety breach of contract claim, plaintiff does not assert, nor could it, that reversal of the Court's Order would have precedential value for a large number of cases.[3] In short, plaintiff does not set forth any "controlling question of law" for which interlocutory appeal is warranted. Accordingly, plaintiff has failed to satisfy the first requirement for certification under Section 1292(b).

---

[3] As further evidence that this matter would have minimal precedential value, the Court notes that the "controlling question of law" for which plaintiff seeks certification is exceedingly narrow. It reads as follows:

> Does the C&E Agreement preclude Fifth Third and any of its affiliates or representatives from engaging in certain, specified conduct, including administering, developing and coordinating the placement of SVSA BOLI in connection with policies purchases for its own account, where the agreement contains no language that expressly excludes such conduct when taken in connection with Fifth Third's own SVSA BOLI policies?

(*See* Plaintiff's Proposed Order for Certification for Interlocutory Appeal, at 1.)

## 2. Substantial Ground for a Difference of Opinion

The second factor in this analysis is whether there is "substantial ground for difference of opinion" as to the legal issues presented. 28 U.S.C. § 1292(b). The requirement that such a substantial ground exists may be met when "'(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *In re Citigroup Pension Plan Erisa Litig.*, No. 05-CV-5296 (SAS), 2007 WL 1074912, at *2 (S.D.N.Y. 2007) (quoting *In re Lloyd's Am. Trust Funds Litig.*, No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997)). However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, it is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal citations and quotations omitted). Furthermore, "'[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion.'" *In re Citigroup Pension Plan Erisa Litig.*, 2007 WL 1074912, at *2 (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04-CV-10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005)).

In the instant matter, plaintiff argues that the Court's Opinion presents "substantial ground for a difference of opinion" because *plaintiff* disagrees with the Court's analysis. (*See* Plaintiff's Memorandum of Law, at 17 ("[F]or the reasons set forth above in Analect's

Motion for Reconsideration, there is substantial doubt that the Court was correct in granting partial summary judgment to Fifth Third.").) Plaintiff does not argue, nor can it, that its breach of contract claim is guided by "conflicting authority" or presents a "difficult" issue of first impression for the Second Circuit. Under plaintiff's interpretation of this statutory provision, *every district court order* would provide grounds for a "substantial difference of opinion" warranting interlocutory appeal because the unsuccessful litigant would presumably disagree with that order. Had Congress thought fit to make mere dissatisfaction with any district court order the sole and satisfactory ground for immediate appeal, it would have devised a system of piecemeal appeals. However, that is not the system in which this Court operates. On the contrary, as stated *supra*, "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered," *Koehler*, 101 F.3d at 865, which has not occurred in this case. Therefore, plaintiff's "mere claim that [the] district court's decision was incorrect" does not provide "substantial ground for [a] difference of opinion," as set forth in 28 U.S.C. § 1292. *See In re Citigroup Pension Plan Erisa Litig.*, 2007 WL 1074912, at *2.

### 3. Material Advancement of the Litigation

The third factor in determining whether interlocutory appeal is appropriate is whether granting such an appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *Primavera*

*Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). Ultimately, "'[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.'" *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal quotation and citation omitted).

Plaintiff argues that interlocutory appeal of the Court's Opinion will materially advance the litigation because, "if certification is denied, a substantial duplication of effort might be required if the parties conduct a trial on the remainder of [plaintiff's] breach of contract claim and [plaintiff] subsequently obtains a reversal of the Court's Order." (Plaintiff's Memorandum of Law, at 16.) While the possibility of re-trial after a final order may, in certain instances, support certification,[4] the

---

[4] The cases to which plaintiff cites for this proposition, all district court opinions and all outside of the Second Circuit save two, are easily distinguishable from the instant matter in that the movants in those cases met the remaining statutory criteria of 28 U.S.C. § 1292. Moreover, many of those cases involved complex litigation with multiple plaintiffs and/or defendants, potentially spanning years of motion practice and discovery, with trials anticipated to last months. *See, e.g., Pollack v. Laidlaw Holdings, Inc.*, No. 90 Civ. 5799 (PKL), 1993 WL 254932, at *4 (S.D.N.Y. June 25, 1993) ("This proceeding remains in its initial stages; much repetition of discovery and a retrial may be avoided by permitting interlocutory review of the Court's decision to obtain a final decision as to whether the securities claims in the complaint are viable."); *Resolution Trust Corp. v. Gallagher*, No. 92 C 1091, 1992 WL 315218, at *5 (N.D. Ill. Oct. 23, 1992) ("The trial of this case promises to be lengthy, with much evidence involving a major loan program and numerous loans made thereunder as well as intercompany and securities transactions."). This case involves two breach of contract claims, only one of which is

majority of district courts "have found that certification under section 1292 will materially advance the ultimate termination of the litigation when reversal would end the litigation." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liability Litig.*, Master File No. 1:00-1898, MDL No. 1358 (SAS), No. M21-88, 2008 WL 2511038, at *5 (S.D.N.Y. June 18, 2008) (ruling, in denying certification, that even "[i]f this Court's rulings allowing [] claims against [defendants] to proceed were reversed, many fact-intensive claims against [movant] would remain for trial"). Reversal here would not end this litigation; notwithstanding the possibility of settlement, this matter will proceed to trial regardless of whether the Court certifies it for interlocutory appeal, and regardless of whether, upon certification, the Second Circuit would accept the matter for appeal and then reverse the September 17, 2008 Opinion. Certification would only serve to delay these proceedings for an additional amount of time, after which the matter would still proceed to trial, and after which, the parties would still retain the right to appeal the outcome of that trial. Adding an additional layer of appeal (and the accompanying delay) would hardly serve to materially advance the termination of this litigation. Accordingly, the Court finds that plaintiff has also failed to satisfy the third and final requirement of 28 U.S.C. § 1292, and its motion for certification of this matter

---

slated to proceed to trial, involving a single plaintiff and a single defendant. Accordingly, even if the specter of retrial in the instant case met the requirement that a reversal materially advance the termination of the litigation, plaintiff has still failed to meet the prior two statutory requirements. Furthermore, even assuming *argudendo* that plaintiff fulfilled all three statutory requirements, it would still be within the "broad discretion" of this Court to deny its motion for certification.

for interlocutory appeal to the United States Court of Appeals for the Second Circuit is denied.

Finally, even assuming *arguendo* that plaintiff had satisfied the statutory requirements, the Court would still deny certification in its discretion because this is not an exceptional case warranting interlocutory appeal. Instead, it is a breach of contract case where the litigant disagrees with a portion of the Court's summary judgment decision. An immediate appeal would not avoid protracted and expensive litigation and there is absolutely no basis to allow piecemeal appeal of this case.

III. CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration of the Court's September 17, 2008 Memorandum and Order granting in part and denying in part defendants' motion for summary judgment is DENIED. Plaintiff's motion, in the alternative, for certification of the Memorandum and Order for interlocutory appeal is also DENIED.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 19, 2009
Central Islip, New York

* * *

The attorneys for plaintiff are Adam L. Rosen & Alan E. Marder of Rosen Slome Marder LLP, 333 Earle Ovington Blvd., Suite 901, Uniondale, New York 11553, & Daniel E. Izenson, Drew M. Hicks & Patrick Fischer of

Keating Muething & Klekamp, PLL, One East Fourth St., Suite 1400, Cincinnati, Ohio 45202. The attorneys for defendants are Gregory A. Blue & Rachel K. Marcoccia of Morgenstern, Fisher & Blue, LLC, 885 Third Avenue, New York, New York, 10022, & Thomas Biemer & Patrick Northen, Dilworth Paxson LLP, 3200 Mellon Bank Center, 1735 Market Street, Philadelphia, PA 19103.